UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DETERRANCE SMITH,            ) | CASE NO. 3:23-cv-00964 (KAD) |
|    *Plaintiff*,            ) | |
|                              ) | |
| v.                           ) | |
|                              ) | |
| A. SANCHEZ W., *et al.*,     ) | APRIL 2, 2025 |
|    *Defendants*.           ) | |

## ORDER DISMISSING CASE

Kari A. Dooley, United States District Judge:

"All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (*per curiam*) (quotation marks, alterations, and citation omitted). "While a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (*per curiam*) (quotation marks and citations omitted).

Federal Rule of Civil Procedure 41(b) provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). The Second Circuit has identified five factors to guide the Court's exercise of discretion under Rule 41(b), which ask whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was

carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citation omitted). The same factors are considered when a plaintiff's conduct includes the failure to comply with court orders. *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d. Cir. 1995) (citing *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983). A "dismissal pursuant to Rule 41(b) operates as adjudication on the merits unless otherwise specified by the Court." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 89 (D. Conn. 2007).

Plaintiff initiated this civil rights action via complaint filed in Connecticut Superior Court, Judicial District of Waterbury. Def.'s Notice of Removal, ECF No. 1, at 1. Defendants were served on June 22 and June 28, 2023, respectively. *Id.* Defendants removed the case to this Court on July 20, 2023. *Id.* Plaintiff alleged that Defendants, who were officers in the Waterbury Police Department ("WPD"), as well as other unspecified officers and federal agents, violated his civil rights during and after Plaintiff's arrest on April 19 of an unspecified year. *Id.* at 6–7. Due to the lack of specificity in Plaintiff's original complaint, Defendants moved for a more definite statement on September 19, 2023. ECF No. 11. The Court granted that motion the following day, and required that Plaintiff file an Amended Complaint on or before October 27, 2023, and include additional information regarding his claims.[1] Order, ECF No. 12. The Court mailed this order to Plaintiff's address as listed on the docket at that time, 75 East Dover Street, Waterbury, CT 06704, on September 20, 2023. It was not returned as undeliverable.[2]

---

[1] The Court required that Plaintiff specify "(1) as to Paragraph 1, the date of the incident and the names of any other Waterbury police officers against whom a claim is made; (2) as to Paragraph 2, the "other detectives" from the Waterbury Police Department against whom a claim is made; (3) as to Paragraph 9, the date Plaintiff was locked in jail and the offense(s) with which he was charged." Order, ECF No. 12.

[2] An earlier notice from the court, at ECF No. 2, mailed to Plaintiff on July 20, 2023, had been returned as undeliverable on August 17, 2023. According to a note from the Clerk's Office, this was due to an incorrect zip code, and it was mailed again on July 21, 2023. This notice was again returned on October 10, 2023, and remailed on November 15,

On September 26, 2023, the parties filed their Rule 26(f) report. Therein, the parties reported that counsel for Defendants and Plaintiff conferred and agreed on the proposed case management plan. Rule 26(f) Report, ECF No. 13, at 1, 3. The Court adopted the parties' proposed plan on October 24, 2023, and issued an order establishing October 27, 2023, as Plaintiff's deadline to amend his pleadings, June 1, 2024, as the discovery deadline, and July 15, 2024, as the deadline for any dispositive motions. Order, ECF No. 14. Plaintiff failed to amend his complaint by October 27, 2023.

On May 14, 2024, Plaintiff sent a letter to the Court, in which he explained that his "lack of diligence" in this case was due to arrests, court appearances, and interactions with law enforcement. Pl.'s Letter, ECF No. 17, at 1-2. Plaintiff theorized that his involvement with law enforcement increased after he filed a different state court complaint against a police officer, and suggested that it was part of a coordinated effort to impede his civil litigation. *Id.* As proof of this purported conspiracy, he attached self-annotated documents related to his various criminal cases. *Id.* at 3–13.

On June 7, 2024, the parties appeared for a telephonic status conference. During the conference, Plaintiff again expressed his difficulties prosecuting the case.[3] Defendants reported that, despite the Court's June 1, 2024, discovery deadline, no discovery had been completed. The Court provided Plaintiff a new deadline to file an amended complaint by July 28, 2024.[4] ECF No. 18. Plaintiff filed his Amended Complaint on July 9, 2024, ECF No. 19, and on July 29, 2024, the

---

2023, via certified mail to the same address, which was confirmed in the CMECF system, the Certificates of Service, and with Defendants' counsel. The Clerk's Office indicated that no other mail from the Court to the Plaintiff had been returned as of November 15, 2023.

[3] Additionally, at this status conference Plaintiff informed the Court, for the first time, that his address had changed to 62 Pond Street Waterbury, CT 06704.

[4] The Court also mailed Plaintiff the District of Connecticut's Civil Rights Complaint form on June 7, 2024, to assist in his filing.

3

Court issued an order requiring the parties to confer and submit an amended Rule 26(f) case management proposal on or before August 23, 2024. Order, ECF No. 22. Defendants submitted their report on August 23, 2024; however, Plaintiff did not participate in the planning meeting as required by the Court. Am. Rule 26(f) Report, ECF No. 23, at 1. The Court then issued a scheduling order setting the deadline for discovery as March 1, 2025, and for dispositive motions as May 15, 2025, and directing the parties to appear at a telephonic status conference on September 9, 2024, at 4:00 PM. Order, ECF No. 24. Though the Court mailed notice of the telephonic status conference to Plaintiff on August 28, 2024, Plaintiff did not appear at the conference. ECF No. 30. That same day, September 9, 2024, the Court scheduled another Telephonic Status Conference for October 8, 2024, and mailed notice to Plaintiff on September 10, 2024.

Defendants filed a "motion for order of compliance" on August 28, 2024, requesting that the Court order Plaintiff to further clarify or remove certain aspects of his Amended Complaint. Mot. for Order, ECF No. 29. The Court granted this motion in part and denied it in part, clarifying that Plaintiff could not assert claims on behalf of his wife, directing Defendants to identify the information they requested through the discovery process rather than a second amended complaint, and denying Defendants' motion to strike material that they construed as "impertinent, immaterial, irrelevant, and scandalous." Order, ECF No. 33. In the same order, issued September 20, 2024, the Court noted Plaintiff's failure to appear at the September 9, 2024, telephonic status conference, and that the telephone number that he provided on the docket was no longer in service. *Id.* The Court warned Plaintiff that if he failed to appear as directed at the upcoming October 8 status conference, he would be subject to sanctions, including dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Id.*[5]

---

[5] Following the June 7, 2024, telephonic status conference, Plaintiff also filed two "Motions for Discovery" to the docket. ECF Nos. 20, 26. The Court denied each motion, and in doing so informed Plaintiff that "Discovery requests

4

Plaintiff did not appear at the October 8 status conference. However, he called Court staff in advance to alert the Court that he was incarcerated, and unlikely to attend. Order, ECF No. 34. The Court directed the Clerk of Court to update Plaintiff's address to the Bridgeport Correctional Center, and reminded Plaintiff that failure to update his address could result in dismissal of his case. *Id*. The Court further ordered Plaintiff to file a status report on or before November 7, 2024, indicating "1) whether he intends to diligently prosecute his claims in this case and 2) the extent to which he intends to conduct discovery." *Id.* Plaintiff submitted a notice of change of address on October 28, 2024, in which he indicated that he had posted bond, and his new address was 62 Pond St., Waterbury, CT  06701. Plaintiff did not file a status report as directed, and on November 13, 2024, the Court *sua sponte* extended his deadline to do so to December 10, 2024, warning that "[f]ailure to file the status report shall result in dismissal of Plaintiff's case on December 11, 2024." Order, ECF No. 37.

Plaintiff submitted what he purported to be a status report on December 2, 2024. ECF No. 38. It was, in reality, "a series of letters, directed to the undersigned, written on diverse dates," and setting forth recent events. Order, ECF No. 39. Plaintiff reiterated his theory, described above, that he was being repeatedly arrested for crimes that he did not commit in order to prevent him from prosecuting this case. *Id.* Plaintiff did not follow the Court's order to indicate the extent to which he intended to pursue discovery. The Court noted that "Plaintiff has been advised on more than one occasion that failure to prosecute his claims with due diligence could result in dismissal of this case." *Id.*

---

are not to be filed with the Court. *See* D. Conn. L. Civ. R. 5(f)1. Further, discovery is not sought via motion practice, but may be sought pursuant to the Federal Rules of Civil Procedure." Order, ECF No. 21; *See also*, Order, ECF No. 28. The Court further directed Plaintiff to the Federal Rules of Civil Procedure on the district court website, and encouraged him to visit the website for the Federal Pro Se Legal Assistant Program, and provided web addresses for each. ECF No. 21.

5

Five days before the scheduled discovery deadline, on February 25, 2025, Defendants filed a motion to extend the discovery deadline to 30 days "after the plaintiff's full compliance with the defendants' Interrogatories and Requests for Production." Mot. for Extension of Time, ECF No. 40 at 1. Defendants represented that they "submitted Interrogatories and Requests for Production to the plaintiff, dated August 26, 2024," and that he had not replied as of February 25, 2025. *Id.* The Court denied Defendants' motion, but, "in an effort to progress this case" ordered the parties to appear at a telephonic status conference on April 1, 2025. Order, ECF No. 41. The Court cautioned Plaintiff that "failure to appear at the conference may result in dismissal of Plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b)," and reminded Plaintiff that it had "warned [him] repeatedly that his failure to prosecute this case with due diligence or to follow the Court's orders may result in dismissal of this action."

Plaintiff sent another letter to the Court, which was docketed on March 6, 2025. He once again explained that he was "being target[ed]" by the Waterbury Police Department ("WPD") to prevent him from prosecuting this case. Pl.'s Letter, ECF No. 44 at 1. He recounted details of alleged misconduct by the Defendants and the WPD generally, and provided a list of instances where he was "falsely arrested."[6] *Id.* at 1–5. The return address on this letter did not match Plaintiff's address as listed on the docket. According to the Connecticut Department of Correction website, as of April 2, 2025, Plaintiff is incarcerated at MacDougall-Walker Correctional

---

[6] Plaintiff seemed to seek the Court's intervention in his state court criminal prosecutions. The Court addressed this issue in its December 28, 2024, order regarding Plaintiff's Status Report: "to the extent Plaintiff seeks the Court's assistance or intervention in his state criminal prosecutions, the Court has no such authority 'absent a showing of bad faith, harassment, or other extraordinary circumstances.' *Abuzaid v. Mattox*, 726 F.3d 311, 316 (2d Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 at 43-44). It is the Plaintiff's burden to establish that one of the exceptions to *Younger* abstention applies, and Plaintiff has not done so. *See Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)." ECF No. 39.

Institution in Suffield, Connecticut, with an admission date of February 7, 2025.[7] To date, Plaintiff has still not updated his address on the docket in accordance with Local Rule 83.1(d).

Lastly, on March 6, 2025, Defendants moved for an order compelling Plaintiff to respond to their interrogatories and requests for production, dated August 26, 2024, which Defendants represented were served upon Plaintiff but to which Plaintiff had failed to respond in any fashion. Mot. to Compel, ECF No. 43. Defendants' counsel further represented that he had attempted to confer with Plaintiff, as required by Rule 37, but that he was unsuccessful in doing so. *Id.* Plaintiff's response to the motion to compel was due by March 27, 2025, but he has not filed any response to date. The Court held a duly notice telephonic status conference on April 1, 2025, which Plaintiff did not attend (presumably because he is still incarcerated). Therein, Defendants' counsel represented that he has had no further contact or response from Plaintiff to date.

Turning to the factors discussed above, the Court concludes that dismissal is appropriate. First, Plaintiff's failures to diligently prosecute this case have resulted in months of delay. His failure to amend his complaint as ordered in a timely fashion and failure to conduct any discovery following the Court's first order on pretrial deadlines meant that this case did not progress at all from September 20, 2023, to July 9, 2024. Second, as discussed in detail above, Plaintiff was provided multiple notices that his delays, failure to follow court orders, and failure to update his address in accordance with local rules may result in dismissal. *See* ECF Nos. 33, 34, 37, 39, 41. Third, further delay will prejudice Defendants, who have been diligently participating in this

---

[7] *See* Connecticut DOC Inmate Info, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=342012 (last visited Apr. 2, 2025). "The Court may take judicial notice of this website. *McKinney v. Dougherty*, No. 3:24-CV-1024 (VAB), 2025 WL 660290, at *7 (D. Conn. Feb. 28, 2025) (citing *Mangiafico v. Blumenthal,* 471 F.3d 391, 398 (2d Cir. 2006); *United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate locator information); *Ligon v. Doherty*, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate locator information)).

litigation for almost two years yet still unable to obtain any meaningful discovery. Defendants have a right to the adjudication of the claims against them. Fourth, the case is almost two years old and has now progressed through two case management plans with little progress towards resolution. And fifth, the Court concludes that no lesser sanctions will be effective. Plaintiff's difficulties are not limited to any discrete issue or shortcoming that the Court could correct with incremental measures. It has become clear that at this juncture he is either unwilling or incapable of following the Court's rules and directives or, frankly, participating in this litigation in any meaningful way, leaving the Court with no viable option but dismissal.

Accordingly, for the foregoing reasons, this case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).[8] The Clerk of the Court is directed to enter judgment for Defendants and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of April 2025.

                                            /s/ Kari A. Dooley
                                          KARI A. DOOLEY
                                          UNITED STATES DISTRICT JUDGE

---

[8] Although it remains unclear to the Court the extent to which Plaintiff's intermittent (and now ongoing) incarceration has contributed to his wholesale failure to diligently pursue his claims, comply with the Court's orders, or respond to Defendants' discovery, nor is the Court in a position to make such an assessment. And this too, is due to Plaintiff's failure to adequately engage with the Court or defense counsel. Accordingly, the record does not support a dismissal without prejudice.